## CIRCUIT COURT OF BALTIMORE CITY

Filed March 24, 1891.

JACOB ALBERT AND FRANK ALBERT, EXECUTORS OF AUGUSTUS J. ALBERT, DECEASED.

VS.

J. TAYLOR ALBERT, ADMINISTRATOR D. B. N. OF J. TAYLOR ALBERT, DECEASED, ET AL.

*Charles Marshall* and *A. W. Machen* for plaintiffs.

*John P. Poe* and *A. Crowford Smith* for defendants.

DENNIS, J.—

If the sum originally advanced by his father to J. Taylor Albert was technically an "advancement," or if it became such by reason of the dealings with it in 1872, when it was credited to J. Taylor Albert's capital account on the books of the firm, then the theory of the defendants is correct and no subsequent action or declaration of the father could change its character, or alter the legal consequence which would result from such character.

But I think it clear, upon the testimony that when the money was first advanced it was simply and purely a *loan*, and whether the dealings with the fund in 1872 changed its character and converted it in to a technical advancement depends entirely upon the

intention of the parties. In this view of the case the evidence as to the occurrence in the Orphans' Court, upon the death of J. Taylor Albert, and subsequently are admissable in evidence as showing the intention and understanding of Augustus J. Albert, Sr., in regard to the fund, not only as it then stood but as he had always regarded it.

From what occurred at that time, there can be no doubt that he regarded the advance as simply a loan throughout all stages of the transaction. He claimed it as such from J. Taylor Albert's executor, which claim was acquiesced in, and the only reason why the debt was not proved formally and why the amount in the hands of the executor was not reported as assets of the estate was simply through a devise to avoid the expense of administration —an arrangement which was acquiesced in not only by the executor, but also by the Orphans' Court.

As the father was the only creditor of the estate, his direction as to the use of the fund and the assent thereto by the executor, must be considered in equity as a full payment of the debt due him from the estate. This direction was substantially as follows: The money was to be kept in the business, the profits of which were to belong to Augustus J. Albert, Jr., upon the condition of his paying five per cent. upon the principal to the children of J. Taylor Albert, with the further direction that Augustus J. Albert, Jr., should at "the proper time," pay over the principal to the children of J. Taylor Albert.

Thus while the ownership and control of the fund was retained by A. J. Albert, Sr., and he had power at any time to change his directions in regard to it, or to take it into his possession, yet while he allowed it to remain in the hands of A. J. Albert, Jr., it was a trust fund, for the purposes above set forth.

Augustus J. Albert, Sr., died without having indicated either verbally or by will what was the *"proper time"* at which the fund was to be distributed. This omission cannot be supplied by the Court; the fund therefore must still be treated as part of his estate and be accounted for as such by his executor.